**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **JOSEPH ANTHONY REYNA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Civil Action No. 5:26-CV-06974-OLG** |
| **v.** | § | |
| | § | |
| **TWITCH INTERACTIVE, INC., a Delaware corporation,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

**DEFENDANT TWITCH INTERACTIVE, INC.'S RESPONSE TO PLAINTIFF'S MOTION FOR PRIOR APPROVAL, FOR LEAVE TO FILE ELECTRONICALLY, AND FOR DETERMINATION ON WRITTEN SUBMISSIONS**

Defendant Twitch Interactive, Inc. ("Twitch") files this Response to Plaintiff Joseph Anthony Reyna's Motion for Prior Approval to Proceed in This Removed Case, for Leave to File Electronically, and for Determination on Written Submissions (ECF No. 8), and respectfully requests that the Court deny the motion.

## I. INTRODUCTION & BACKGROUND

Plaintiff Joseph Anthony Reyna is a prolific pro se litigant, subject to multiple pre-filing injunctions for his prior frivolous and abusive actions, who seeks relief from this Court that will allow him to re-file specious claims it has already dismissed. That relief should be denied.

Plaintiff has "filed more than two dozen lawsuits in federal courts across Texas since June 2025," and "[a]lmost all have been dismissed for frivolousness, maliciousness, lack of subject matter jurisdiction, or failure to state a claim for relief." *Reyna v. Walmart, Inc.*, No. 1:25-cv-02159-ABD-SH (W.D. Tex. Sept. 30, 2026), Am. Order and Rpt. and Recommendation of U.S. Magistrate Judge (ECF No. 91) at 1-2 and n.2 (collecting cases filed by Plaintiff). He is currently subject to at least three pre-filing injunctions in this District, each barring him from

filing future complaints in this District without prior judicial approval. *Walmart*, ECF No. 91 at 2. The Fifth Circuit has since affirmed one of the pre-filing injunctions and warned Plaintiff that "future frivolous, repetitive, or otherwise abus[iv]e filings can and will result in sanctions by this court . . . and restrictions on his ability to file pleadings here and in any district court subject to this court's jurisdiction." *See Reyna v. Block, Inc.*, No. 25-50966, 2026 WL 1388721, at *3 (5th Cir. May 18, 2026), *petition for cert. filed*, No. 26-5868 (Oct. 19, 2026).

Moreover, Plaintiff previously asserted the very same claims against Twitch in this District, alleging that Twitch improperly "diver[ted] . . . goodwill" associated with his JOECAT® trademark and "tolerated and profited from 'viewbots' inflating [c]oncurrent [v]iewer (CCV) counts" on its platform. *See Reyna v. Twitch Interactive, Inc.*, No. 1:25-cv-01504-RP (W.D. Tex.), Compl. (ECF No. 1) at 3, 7. That suit was dismissed with prejudice as frivolous and Plaintiff was further reminded that "he is BARRED from filing future complaints in the Western District of Texas without obtaining prior approval from a district or magistrate judge." *Id.*, Order (ECF No. 11) at 2.

Undeterred, Plaintiff then filed a state court action against Twitch in Comal County, Texas in an apparent attempt to evade the pre-filing injunctions. *See generally* ECF No. 1, Ex. A-2. He again challenges the very same alleged JOECAT® trademark and allegedly bot-inflated "concurrent viewer" ("CCV") metrics. *See Twitch Interactive*, No. 1:25-cv-01504-RP, ECF Nos. 7 (Order), 11 (Order), 12 (Final Judgment). Twitch timely removed on the basis of diversity jurisdiction, ECF No. 1, and moved to dismiss this action for violating the pre-filing injunctions and for failing to state a plausible cause of action, ECF No. 6. Plaintiff now asks the Court for additional accommodations in aid of re-filing the same frivolous claims – namely, relief from the

pre-filing injunctions, permission to use the CM/ECF system, and that matters in this action be decided on written submissions. The Court should decline.

## II. ARGUMENT

### A. The Court Should Deny Plaintiff Relief from the Pre-Filing Injunctions

Plaintiff acknowledges that the operative injunctions bar him from proceeding "as a plaintiff in this Court—including in removed and transferred cases—without prior approval from a district or magistrate judge." ECF No. 8 (quoting *Walmart*, ECF No. 96 ¶ 5). He nevertheless seeks leave to proceed on the theory that he originally filed this action in state court before Twitch removed it here. But Plaintiff cannot circumvent the pre-filing injunctions simply by filing a patently removable action in state court and then arguing that a defendant's rightful removal somehow excuses compliance with those same injunctions. Commencing a new federal action includes "the removal of a state case to federal court." *Montez v. FBI*, No. SA-23-CV-1494-JKP, 2023 WL 8813565, at *2 (W.D. Tex. Dec. 20, 2023). Thus, a litigant subject to a pre-filing injunction cannot evade that injunction simply by suing a diverse defendant in state court and forcing removal to federal court. *Id.*

Indeed, this is not the first time Plaintiff has attempted to circumvent the pre-filing injunctions by filing in state court. After his complaint in *Walmart* was dismissed, Plaintiff refiled substantially similar claims in state court in an effort to avoid the same pre-filing injunctions at issue here. *Walmart*, ECF No. 91. That action was then removed to federal court, where the court dismissed the case under Rule 41(b), concluding that Plaintiff violated the injunctions by filing in state court. *Id.* at 5-6. The court specifically held that Plaintiff's attempt to circumvent the injunctions warranted dismissal. *See id.*

Even apart from the violation of the pre-filing injunctions, Plaintiff has not even attempted to show, nor could he show, that he is entitled to relief from those injunctions. A

litigant subject to a pre-filing injunction bears the "burden to persuade the Court that it should allow [a] proposed filing to commence a new civil action." *Montez*, 2023 WL 8813565, at *1 (quoting *Silver v. City of San Antonio*, 2020 WL 3803922, at *1 (W.D. Tex. July 7, 2020)). Plaintiff generally must show "'that the claims sought to be asserted have sufficient merit; . . . that the proposed filing is both procedurally and legally sound; that there is no obvious defense to asserted claims; that the claims are not brought for any improper purpose, such as harassment; and that the motion for leave as well as the proposed pleading complies with all relevant requirements set out in prior sanctions.'" *Id.* (citation omitted). A sanctioned litigant "has no legitimate right to pursue a procedurally defective complaint or one that contains claims that lack a sufficient factual basis to survive screening or a motion to dismiss." *Id.* at *1-2 (treating the vexatious litigant's removed state-court complaint as an implicit request for permission, denying it because the claim could not succeed, and dismissing the action).

Here, Plaintiff makes no attempt to satisfy that standard. The motion does not address the merits of his claims at all and instead rests entirely on the procedural fact of removal. Nor could Plaintiff plausibly make the required showing. As explained in Twitch's Motion to Dismiss, Plaintiff's claims are barred by the Twitch Terms of Service and otherwise fail to state any plausible claim for relief. ECF No. 6 at 1-3, 6-19.

Accordingly, Plaintiff fails to establish any basis for the Court to permit him to proceed and his request should be denied.

### B. The Court Should Deny Plaintiff's Remaining Requests

Plaintiff's remaining requests are unsupported by the governing rules and unnecessary in light of the Court's existing procedures and should be denied for the following reasons:

***First***, Plaintiff seeks leave to register for and use the Court's electronic filing system. ECF No. 8 at 3. Plaintiff bases this request on an asserted delay in receiving filings by mail. But

the Court already provides an Electronic Submission Dropbox for pro se litigants who are not authorized to file electronically. That system accepts filings in PDF format, requires filers to provide an email address and telephone number, and prohibits filings containing "frivolous or malicious content." *See* U.S. Dist. Ct. for the W.D. Tex., Electronic Submission for Pro Se Filers, https://www.txwd.uscourts.gov/filing-without-an-attorney/electronic-filing-for-pro-se/. In addition, Twitch's counsel already serves Plaintiff by email, and Plaintiff identifies no prejudice arising from any brief delay in receiving court documents through regular mail. *See* ECF No. 8. Because the Dropbox system and email service fully address the only concern Plaintiff identifies, there is no basis to grant direct CM/ECF access to a litigant who is subject to multiple pre-filing injunctions. The request should therefore be denied.

***Second***, Plaintiff requests "that matters in this case be decided on written submissions, with communications to Plaintiff in writing." ECF No. 8 at 1. Plaintiff contends this request is necessary because he has Attention Deficit Disorder and because he seeks "a verifiable record of what was said and when," as he is "a federal whistleblower with pending disclosures before federal agencies." *Id.* at 4. Federal Rule of Civil Procedure 78(b) provides that "[b]y rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings." But the rule is discretionary and permits courts to dispense with oral argument only when appropriate. *See Garza-Trevino v. New England Fin.*, 320 F. App'x 203, 206 (5th Cir. 2009) ("[T]he decision about whether to hold an oral hearing is left to the sound discretion of the district court."). Although some matters may appropriately be resolved on written submissions alone, there may also be circumstances in which the Court determines that oral proceedings are necessary to develop the factual record or address disputed issues. Moreover, Plaintiff cites no authority supporting the blanket relief he seeks. Nor is such an order necessary, as the Court

already determines on a motion-by-motion basis whether oral argument would assist resolution of a particular issue. Likewise, there is no basis for an order requiring all communications with Plaintiff to occur exclusively in writing. Twitch therefore sees no reason to depart from the Court's ordinary procedures.

## III. CONCLUSION

For these reasons, Twitch respectfully requests that the Court deny the motion.

Dated: November 25, 2026

Respectfully submitted,

By: */s/ Laura Lee Prather*

Laura Lee Prather
State Bar No. 16234200
Laura.prather@haynesboone.com
Reid Pillifant
State Bar No. 24126157
Reid.pillifant@haynesboone.com
**HAYNES AND BOONE, LLP**
98 San Jacinto Blvd., Suite 1500
Austin, Texas 78701
Telephone:(512) 867-8400
Telecopier: (512) 867-8470

James Rosenfeld (*pro hac vice* forthcoming)
**DAVIS WRIGHT TREMAINE LLP**
50 California Street, 23rd Floor
San Francisco, CA 94111
Telephone: (415) 276-6500
Facsimile: (415) 276-6599
Email: jamesrosenfeld@dwt.com

Megan C. Amaris (*pro hac vice* forthcoming)
**DAVIS WRIGHT TREMAINE LLP**
50 California Street, 23rd Floor
San Francisco, CA 94111
Telephone: (415) 276-6500
Facsimile: (415) 276-6599
Email: meganamaris@dwt.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing, and served a copy as shown below:

**Via Certified U.S. Mail and Email to:**
Joseph Anthony Reyna
5900 Balcones Drive, STE 100
Austin, TX 78731
(512) 200-3069
WhiteHat@JoeCattt.com

**PRO SE PLAINTIFF**

*/s/ Laura Lee Prather*
Laura Lee Prather